Fabricant, J.
The background of this case is set forth in two previous decisions of this Court, one by the undersigned dated July 16, 1999, on the defendant’s motion to dismiss count I of the original complaint [10 Mass. L. Rptr. 511], and one by Judge Isaac Borenstein, dated November 17, 1999, on the plaintiffs motion to amend the complaint. Presently before the Court is the defendant’s motion for summary judgment on count four of the amended complaint, which the latter decision permitted the plaintiff to add. For the reasons that will be explained, the motion will be allowed.
The legal issue presented by the present motion is the same issue that was before the Court on Raytheon’s motion to amend the complaint: whether the ten-year storage life specification, paragraph 3.2.4.2, is a warranty that “explicitly extends to future performance” within the meaning of G.L.c. 106, §2-725(2). The standard by which that issue must be decided in the context of this motion for summary judgment, however, differs substantially from the standard applicable to the motion to amend. In deciding that motion, the Court was limited to the facts as alleged in the proposed amended complaint, and was required to accept all factual allegations of the proposed complaint as true. Further, the Court was obligated to apply the liberal standard for allowance of motions to amend, so as to permit the plaintiff full opportunity to conduct discovery in order to obtain access to all evidence available to support its claim.
The parties have now conducted extensive discovery on the new claim, and are in a position to present a full factual record for the Court’s consideration. In ruling on the present summary judgment motion, the Court must consider the facts in the light most favorable to the plaintiff as the opposing party, and must *335 draw all reasonable inferences in the plaintiff s favor. The plaintiff is not, however, entitled to the sort of indulgence that applies on a motion to amend. Rather, to defeat summary judgment, once the moving party has met its initial burden, the opposing party must demonstrate the existence of a genuine dispute of material fact based on a proffer of admissible evidence to support its position.
Having reviewed all materials submitted in light of that standard, the Court now concludes that the defendant has met its initial burden on this motion, and that the plaintiff has not made the required response, with respect to each of two factual elements necessary to the plaintiffs claim: (a) whether the ten-year storage life specification was part of the basis of the bargain, so as to be an express warranty under G.L.c. 106, §2-313, and (b) whether determination of compliance with that specification necessarily had to await the passage of ten years. Accordingly, the defendant is entitled to judgment as a matter of law on Count IV on the ground that the plaintiffs claim of breach of warranty is barred by the statute of limitations.
The record leaves no doubt that the parties specifically bargained regarding the warranty, and agreed to a one-year warranty of repair, with an explicit disclaimer of all other warranties, express or implied. It is also established, and undisputed, that the parties agreed to this provision in substitution for the warranty provision originally proposed by Raytheon, which would have warranted the goods “to be in accordance with the buyer’s specifications.” The record provides no indication, on the other hand, that any bargaining ever occurred regarding the storage life specification, or any of the particular provisions of the product specifications. To the contrary, it appears that Raytheon provided the specifications unilaterally, based on its contract with the Air Force.
Raytheon relies on USM Corp. v. Arthur D. Little Systems, Inc., 28 Mass.App.Ct. 108 (1989). The facts of that case, however, make it very different from this one. The defect that gave rise to the dispute there involved response time of a computer system. That feature, the Court noted, “is a material aspect of a system’s acceptability,” which “was always regarded by the parties as being of significance,” and accordingly had been “the subject of much discussion between the parties during negotiations and after the contract was signed.” The contract there included the seller’s express warranty that “at the time of delivery the system will be free of defects in design.” Under those circumstances, the Court held that the word design should be interpreted according to its ordinary sense, to “include the choice of hardware and software to work in combination with each other to do a particular job,” so that “the inability of those products, in combination, to perform the required tasks within a reasonable response time would constitute a defect.” Id. at 118-20. No comparable circumstances appear here to indicate that the ten-year shelf life specification was part of the basis of the bargain between the parties.
Perhaps of more significance, the facts as fleshed out through discovery, in contrast to those the Court was required to assume at the stage of the motion to amend, do not support the contention that failure of the product to meet the ten-year storage life specification could not have been discovered prior to the passage of ten years.[1] See Wilson v. Hammer Holdings, Inc., 850 F.2d 3, 6 (1st Cir. 1988) (discussing requirement that discovery “must necessarily await” specified time). Helix offers evidence indicating that compliance with that specification was subject to determination by means of an engineering analysis conducted prior to delivery, and that it in fact conducted such analysis. Raytheon offers no evidence to contest this point.[2] This information provides a reading of the specification that gives it a sensible meaning, while avoiding any conflict with the negotiated one-year warranty: Helix warranted that, as of the time of delivery, the product would pass tests conducted to establish that it would have a storage life of at least ten years. Helix did not assume an obligation to answer ten years after delivery for units that might fail to operate as specified at that time.
Raytheon makes an additional argument that a genuine dispute of material fact exists as to whether Helix fraudulently concealed information necessary to Raytheon’s cause of action, so that the statute of limitations was tolled pursuant to G.L.c. 260, §12. Raytheon bases this contention on the assertion in its statement under Rule 9A(b)(5) that, on occasions when Raytheon returned particular units for repair, Helix “repeatedly represented that it had investigated the failures and determined that they were due to mishandling by Raytheon,” although in fact “Helix had not undertaken the investigations it claimed.” The evidence cited, however, does not support this assertion. Neither the correspondence nor the deposition excerpts provided include evidence of any statements that could fairly be characterized as representations of the sort claimed.[3] The affidavit of George Snelling does not fill this gap, since it fails to demonstrate personal knowledge of any particular representations. Nor does the deposition testimony offered support the apparent suggestion that Helix asserted mishandling by Raytheon without any basis. Rather, the deposition testimony provided appears to indicate that Helix relied on personal observations made by its personnel, along with communications with Raytheon personnel.[4] Nothing in the evidence offered indicates that Helix had some knowledge regarding the cause of the failures that it concealed from Raytheon. Thus, no basis for tolling appears in the record presented. Accordingly, Raytheon’s breach of warranty claim is barred by the applicable statute of limitations, and *336 Helix is entitled to judgment as a matter of law on count IV of the amended complaint.
CONCLUSION AND ORDER
For the reasons stated, it is hereby ordered that the Defendant’s Motion for Summary Judgment on Count IV of the First Amended Complaint is ALLOWED.

 The Court is not persuaded by defendant’s argument that the phrase “a minimum of ten years" fails to set a definite time. Read in a common sense manner, the specification sets a definite period of ten years, while acknowledging the possibility, and perhaps the hope, that the product would last longer than that definite period.

 Raytheon does point to deposition testimony of George Snelling that “the obligation is not totally met by doing the analysis.” That testimony does not establish the existence of a genuine dispute of material fact precluding summary judgment. Interpretation of the contract terms, in light of the applicable statutory provisions, is a question of law for the Court, not one of fact to be decided based on testimony of lay witnesses. The factual issue that is properly the subject of evidence, and that bears on the legal issue, is whether determination of compliance with the specification could be made at the time of delivery, or whether such determination necessarily had to await expiration of ten years. On that factual issue, the only evidence offered is that that determination could be made at the time of delivery, through engineering analysis.

 Raytheon offers two letters from Helix regarding repairs to particular units. One states that “[i]t was determined that [the units] have leaks . . . due to improper handling at Raytheon,” without saying who so determined or how. The second says nothing about the cause of the problem except that the unit “requires replacement of a mangled transfer line and mounting flange (tabs are bent).”

 Raytheon makes reference to deposition testimony indicating that prior to the litigation Helix did not investigate its own manufacturing processes to determine whether such processes could have caused failures of the returned units. In the absence of evidence that Helix ever represented that it had done so, that testimony provides no support for a theory of fraudulent concealment.